HAZEL SHORTAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shortal v. Commissioner
Docket No. 10609-87
United States Tax Court
T.C. Memo 1992-560; 1992 Tax Ct. Memo LEXIS 584; 64 T.C.M. (CCH) 847; September 23, 1992, Filed *584 An appropriate order and decision will be entered. For Petitioner: Neal H. Konami. For Respondent: Patricia Anne Golembiewski. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned for trial or other disposition pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182 and is before the Court on respondent's Motion for Summary Judgment filed with the Court on March 2, 1992, pursuant to Rule 121. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for 1984 in the amount of $ 4,284, increased interest attributable to an underpayment pursuant to section 6621(c), an addition to tax under section 6653(a)(1) in the amount of $ 214.20, an addition to tax under section 6653(a)(2) based upon the entire underpayment, and an addition to tax under section 6659 as applicable attributable to a valuation overstatement. Respondent has now conceded the addition to tax under section 6659. The issues are: (1) Whether respondent correctly disallowed a Schedule C loss *585 of $ 10,554 claimed by petitioner on her 1984 income tax return in connection with her investment in the marine dry cargo container purchase/lease program promoted by Gold Depository and Loan Company, Inc. (GD&L); (2) whether petitioner is liable for additions to tax for negligence or intentional disregard of rules or regulations under section 6653(a)(1) and (2); and (3) whether petitioner is liable for an increased rate of interest on a deficiency attributable to tax motivated transactions under section 6621(c). Petitioner was a resident of San Francisco, California, at the time the petition herein was filed. Under Rule 121(b), summary judgment is appropriate if it is shown that "there is no genuine issue as to any material fact and that a decision may be entered as a matter of law". . Respondent, as the moving party, has the burden of proving that no genuine issue exists as to any material fact and that she is entitled to judgment on the substantial issues as a matter of law. . A motion for summary judgment, however, *586 may not be defeated by a mere allegation that a material fact is in dispute; the opposing party must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d). On December 24, 1991, respondent served upon petitioner a request for admissions pursuant to Rule 90(c). Petitioner failed to respond to said request for admissions. Accordingly, each matter set forth in the request for admissions is deemed admitted. Rule 90(c); , affd. . Based on the deemed admissions there are no genuine issues of material fact, and respondent's motion may be considered on its legal merits. GD&L is a company which promoted and purported to sell 20-foot and 40-foot marine dry cargo containers of the type used by ocean-going vessels for the carriage of dry cargo. In 1983, petitioner invested in the GD&L program, executing a Container Purchase and Lease Agreement and a check payable to GD&L in the amount of $ 5,944.87. Under the agreement with GD&L, petitioner allegedly purchased ten 40-foot containers for $ 4,000 each and thirty 20-foot containers *587 for $ 2,000 each for a total purported investment of $ 100,000. Petitioner's check in the amount of $ 5,944.87 represented a down-payment on the cost of the containers, with the balance of the purchase price purportedly represented by a note. GD&L purported to arrange for the financing of the balance due on the purchase of the containers through a related entity, Co-op Investment Bank, Ltd. (Co-op). By agreement executed July 1983, petitioner authorized GD&L to act as her non-exclusive agent for the leasing of her containers to and from United States ports. GD&L was to receive an annual lease management fee of 15 percent on all lease revenues generated by the leasing of the containers. After executing the Purchase and Lease Agreement and returning it to petitioner, GD&L did nothing for petitioner except generate documents to be used in completing petitioner's Federal income tax returns. Petitioner paid no interest on the note representing the balance of the purported container purchase. Nor did petitioner make any payments on the principal of the note. GD&L, Co-op, or their agents and representatives did not purchase, or contract to purchase, any marine dry cargo containers *588 for subsequent sale to petitioner, nor did GD&L, Co-op, or their agents and representatives, lease containers for petitioner or on petitioner's behalf. Petitioner purchased no marine dry cargo containers from either GD&L or Co-op because the containers never existed. Petitioner claimed a Schedule C loss on her 1984 income tax return with respect to the GD&L freight container activity in the amount of $ 10,554. In the statutory notice of deficiency dated March 6, 1987, for the taxable year 1984, respondent disallowed the loss in full. In her amended return for 1984 filed on June 26, 1987, petitioner increased her taxable income by $ 10,554, the amount of the disallowed Schedule C loss, and showed an increased tax for 1984 in the amount of $ 4,284. By her amended return, petitioner has conceded that she is not entitled to the Schedule C loss originally claimed in connection with the GD&L investment. On this record, it is clear that the only purpose of the GD&L container leasing program was the avoidance or evasion of Federal income tax. The containers never existed. In short, the GD&L program was completely lacking in economic substance and was simply a sham. Section 6653(a)(1), *589 as applicable, imposes an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2), as applicable, imposes an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. , affg. ; . Prior to her investment in the GD&L program, petitioner had no experience in the marine dry cargo container leasing industry. She relied on the promotional materials by GD&L, Co-op, and their sales representatives for information on the leasing program. She consulted no industry experts. It appears that petitioner discussed the GD&L program with a neighbor, John Marcinek, who, as a managerial employee of Kaiser Aluminum, understood the marketing aspects of *590 aluminum in the transportation industry. He was not a tax expert. Nor does it appear that he was an expert in the investment field. Petitioner read no industry publications and did no research. Petitioner had no profit objective in investing in the GD&L program. The failure of petitioner to make a meaningful investigation beyond the promotional materials or to consult independent advisers versed in the tax or investment fields was not reasonable or in keeping with the standard of the ordinarily prudent person. , affd. without published opinion sub nom. , affd. without published opinion . In view of the limited scope of Mr. Marcinek's background insofar as it pertained to the investment and tax fields, petitioner's reliance on him for the business aspects of the GD&L program cannot be regarded as reasonable. See . We conclude therefore that respondent's adjustments under section 6653(a)(1) *591 and (2) must be sustained. Section 6621(c) provides for an interest rate of 120 percent of the adjusted rate established under section 6601 if there is a substantial underpayment (an underpayment which exceeds $ 1,000) in any taxable year attributable to one or more "tax motivated transactions". The increased rate applies to interest accrued after December 31, 1984, even though the transaction was entered into prior to that date. , affd. without published opinion, . Among the transactions enumerated in the statute as "tax motivated" is "any sham or fraudulent transaction". Sec. 6621(c)(3)(A)(v). Since we conclude that the GD&L container program represented a factual sham, we hold that section 6621(c) is applicable. For the above reasons, respondent's motion for summary judgment will be granted in every respect. An appropriate order and decision will be entered.